Arthur M. SANCHEZ, Plaintiff–
Appellant,

v.

Carolyn W. COLVIN, Commissioner
of Social Security, Defendant–
Appellee.

No. 12–15708.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2013.

Filed May 8, 2014.

Mark Ross Caldwell, Caldwell & Ober
LLC, Phoenix, AZ, for Plaintiff–Appellant.

Michael A. Johns, USPX–Office of the
U.S. Attorney, Phoenix, AZ, Alexess Rea,
Social Security Administration Office of
the General Counsel, Region VIII, Denver,
CO, for Defendant–Appellee.

Before: NOONAN and WATFORD,
Circuit Judges, and LYNN, District
Judge.*

## MEMORANDUM **

This Court reviews the district court's
denial of Appellant Arthur Sanchez's claim
for attorney's fees under the Equal Access
to Justice Act ("EAJA"), 28 U.S.C. § 2412,
for an abuse of discretion. *Corbin v. Apfel,*
149 F.3d 1051, 1052 (9th Cir.1998). The
EAJA provides for an award of reasonable
attorney's fees:

---

* The Honorable Barbara M.G. Lynn, District
Judge for the U.S. District Court for the
Northern District of Texas, sitting by designa-
tion.

[T]o a prevailing party ... incurred by
that party in any civil action ... includ-
ing proceedings for judicial review of
agency action, brought by or against the
United States in any court having juris-
diction of that action, unless the court
finds that the position of the United
States was substantially justified or that
special circumstances make an award
unjust.

28 U.S.C. § 2412(d)(1)(A).

Thus, to analyze when fees are available
under the EAJA, the Court must deter-
mine whether the "position of the United
States was substantially justified." *Id.*
The "position of the United States" means
both "the position taken by the United
States in the civil action," and *"the action
or failure to act by the agency upon which
the civil action is based."* *Meier v. Colvin,*
727 F.3d 867, 870 (9th Cir.2013) (citing 28
U.S.C. § 2412(d)(2)(D)) (internal quotation
marks omitted). As this Court has previ-
ously held, the ALJ's decision is, in the
social security context, "the action or fail-
ure to act by the agency upon which the
civil action is based." *Id.* (internal citation
and quotation marks omitted).

"Substantially justified" has been held
by this Court to mean "justified to a de-
gree that could satisfy a reasonable per-
son," which requires a reasonable basis in
both law and fact. *Gutierrez v. Barnhart,*
274 F.3d 1255, 1258 (9th Cir.2001) (internal
citation and quotation marks omitted).

Because this Court concludes that the
government was not substantially justified
in taking its original action at the adminis-
trative level—*i.e.,* the position that result-
ed in the ALJ's initial decision finding
Sanchez not disabled—this Court con-

---

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

cludes that the district court abused its discretion in denying Sanchez's motion for attorney's fees. *See Hardisty v. Astrue,* 592 F.3d 1072, 1076–77 (9th Cir.2010); *Kali v. Bowen,* 854 F.2d 329, 332 (9th Cir.1988).

The ALJ made serious, fundamental errors in initially finding Sanchez not disabled. This Court concludes, as did the district court, that the ALJ erred by: (1) failing to explain his conclusion that Sanchez's condition did not meet or equal a listed impairment at step 3; (2) failing to consider the opinion of Dr. Keller that Sanchez was permanently disabled, or at the very least, failing to specify any reasons for rejecting Dr. Keller's opinion; and (3) assigning to Sanchez an incorrect educational level and failing to consider all applicable age categories at step 5.

These errors left the ALJ's decision without substantial justification. *See Meier,* 727 F.3d at 870–72; *cf. Corbin,* 149 F.3d at 1053; *Flores v. Shalala,* 49 F.3d 562, 570–71 (9th Cir.1995). The district court, thus, abused its discretion in failing to award Sanchez attorney's fees that he incurred in petitioning the district court to review the ALJ's decision.

Accordingly, this case is remanded to the district court for an award of Sanchez's attorney's fees.

**REVERSED AND REMANDED.**

* This disposition is not appropriate for publication and is not precedent except as provided